## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.B. and C.B., on behalf of the minor child, D.B., <br><br> Plaintiffs <br><br> vs. <br><br> Tredyffrin/Easttown School District and Amy A. Meisinger, <br><br> Defendants | Civil Action No.: 2:17-cv-02581-JD |

## DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants Tredyffrin/Easttown School District ("TESD") and Amy A. Meisinger,

hereby file this Answer with Affirmative Defenses to Plaintiffs' Complaint and in support

of their Answer with Affirmative Defenses aver as follows:

### SUMMARY OF THE ACTION

1. Admitted in part; denied in part. It is admitted that the Plaintiffs, A.B. and

C.B. on behalf of the minor Plaintiff, D.B. bring this action against Defendants

Tredyffrin/Easttown School District and Amy A. Meisinger, Principal of Conestoga High

School pursuant to 42 U.S.C. §1983 and Title IX of the Education Amendments of 1972,

20 U.S.C. §1681 (Title IX) to redress certain injuries which she sustained. It is denied that

Plaintiffs' conduct gives rise to a cause of action under 42 U.S.C. §1983 and Title IX of the

Education Amendments of 1972, 20 U.S.C. §1681 (Title IX) and as such those averments

are deemed denied and strict proof is demanded at the time of trial of this matter.

1

2.    Admitted.

3.    Admitted.

4.    Admitted in part. It is admitted that Arthur E. Phillips ("Phillips") was an instructional aide at Conestoga High School.  Answering Defendants became aware that Arthur E. Phillips had engaged in inappropriate sexual conduct with Minor Plaintiff only after Minor Plaintiff's mother reported to school administration on or about April 18, 2017 concerns that she had concerning Arthur E. Phillips. Immediately upon such notification school administration interviewed Minor Plaintiff and reported the matter to the Tredyffrin/Easttown Police Department which immediately instituted a criminal investigation. Mr. Phillips was immediately removed from school on the day that Minor Plaintiff's mother made such report and was arrested three days later on April 21, 2017. The remaining allegations contained in Paragraph 4 are deemed denied in that investigation is ongoing and strict proof thereof is demanded at the time of trial of this matter.

5.    Denied. The allegations contained in Paragraph 5 of Plaintiffs' Complaint are denied.

6.    Denied. The allegations contained in Paragraph 6 of Plaintiffs' Complaint are denied.

7.    Denied. The allegations averred in Plaintiffs' Complaint as to what Defendant, Phillips may have said to Minor Plaintiff are deemed denied in that after reasonable investigation, Answering Defendants are without sufficient information to

form a belief as to truth or falsity of such allegations and strict proof is therefore demanded at the time of trial of this matter.

     8.     Admitted.

     9.     Admitted.

## PARTIES

     10.     Admitted.

     11.     Admitted.

     12.     Admitted.

     13.     Admitted.

     14.     Admitted.

     15.     Denied as stated. On the contrary, it is averred that at all times material and relevant hereto Principal Meisinger was acting under color of her authority in her capacity as Principal of Conestoga High School and strict proof to the contrary is demanded at the time of trial of this matter.

     16.     Denied. The allegations contained in Paragraph 16 of Plaintiffs' Complaint are denied and strict proof is demanded at the time of trial of this matter.

## JURISDICTION AND VENUE

     17.     Admitted.

     18.     Admitted.

     19.     Admitted.

     20.     Admitted.

     21.     Admitted.

## FACTUAL BACKGROUND

22.     Admitted.

23.     Denied. The allegations contained in Paragraph 23 of Plaintiffs' Complaint contain conclusions of law which are deemed denied pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

24.     Admitted.

25.     Admitted.

26.     Admitted.

27.     Denied as stated. On the contrary, it is averred that Arthur Phillips, acting as an employee, agent or servant of the Tredyffrin/Easttown School District had passed all criminal clearances and background checks and at all times material hereto was believed by Tredyffrin/Easttown School District and Defendant, Principal Meisinger to have no ethical or moral issues since he had been in good standing with the Tredyffrin/Easttown School District, Conestoga High School and the Commonwealth of Pennsylvania since his employment. Strict proof to the contrary is demanded at the time of trial of this matter.

28.     Admitted.

29.     Denied. It is expressly and specifically denied that the Defendant, Tredyffrin/Easttown School District had allegedly already developed a policy or practice of deliberate indifference to gender based harassment and discrimination.  On the contrary, it is expressly and specifically denied that such deliberate indifference existed.

4

Further, it is averred that the Defendants, Tredyffrin/Easttown School District and Principal Meisinger had appropriate policies to deal with gender based harassment and discrimination and strict proof to the contrary is demanded at the time of trial of this matter.

30. Answering Defendants are aware that Arthur Phillips was charged with engaging in improper conduct with the Minor Plaintiff commencing around the time when she was 15 years old. This information came to light when Plaintiff's mother advised of an incident of which she became aware and immediately the police were notified, Mr. Phillips was suspended and removed from school property and was subsequently arrested on April 21, 2017. To the extent that improper conduct occurred, the timing, extent and specifics were unknown to Answering Defendants at any time prior to the Complaint made by Plaintiff's mother on or about April 18, 2017. Strict proof to the contrary is demanded at the time of trial of this matter.

31. Denied. Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 31 of Plaintiffs' Complaint and as such, those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof is demanded at the time of trial of this matter.

32. Denied. Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 32 of Plaintiffs' Complaint and as such, they are deemed denied and strict proof is demanded at the time of trial of this matter.

5

33. Denied. After reasonable investigation Answering Defendants are without sufficient information to form belief as to the truth or falsity of the averments contained in Paragraph 33 of Plaintiffs' Complaint and as such, said allegations are deemed denied and strict proof is demanded at the time of trial of this matter.

34. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 34 of Plaintiffs' Complaint and as such, said allegations are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof is demanded at the time of trial of this matter. By way of further answer, Answering Defendants do admit that videos indicate that Minor Plaintiff was a passenger in a vehicle operated by Mr. Phillips.

35. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 35 of Plaintiffs' Complaint and as such, said allegations are deemed denied and at issue and strict proof to the contrary is demanded at the time of trial of this matter.

36. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 36 of Plaintiffs' Complaint and as such, said allegations are deemed denied and at issue and strict proof to the contrary is demanded at the time of trial of this matter.

37. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained

6

in Paragraph 37 of Plaintiffs' Complaint and as such, said allegations are deemed denied and at issue and strict proof to the contrary is demanded at the time of trial of this matter.

38.     Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 38 of Plaintiffs' Complaint and as such, said allegations are deemed denied and at issue and strict proof to the contrary is demanded at the time of trial of this matter.

39.     Denied as stated. Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments as set forth in Paragraph 39 of Plaintiffs' Complaint as they relate to allegations that the alleged act was witnessed by teachers and students. By way of further answer, Answering Defendants expressly deny that any administrators witnesses such an act, if in fact it occurred. Strict proof to the contrary is demanded at the time of trial of this matter.

40.     Denied. Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments as set forth in Paragraph 40 of Plaintiffs' Complaint and as such, they are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

41.     Denied. Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments as set forth in Paragraph 41 of Plaintiffs' Complaint and as such, they are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

7

42.     Denied. Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments as set forth in Paragraph 42 of Plaintiffs' Complaint and as such, they are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

43.     Denied. Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments as set forth in Paragraph 43 of Plaintiffs' Complaint and as such, they are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

44.     Denied. Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments as set forth in Paragraph 44 of Plaintiffs' Complaint and as such, they are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

45.     Denied. Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments as set forth in Paragraph 45 of Plaintiffs' Complaint and as such, they are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

46.     Denied. Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments as set forth in Paragraph 46 of Plaintiffs'

Complaint and as such, they are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

47.     Denied. Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments as set forth in Paragraph 47 of Plaintiffs' Complaint and as such, they are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

48.     Denied. Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments as set forth in Paragraph 48 of Plaintiffs' Complaint and as such, they are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

49.     Denied. Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments as set forth in Paragraph 49 of Plaintiffs' Complaint and as such, they are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

50.     Denied. Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments as set forth in Paragraph 50 of Plaintiffs' Complaint and as such, they are deemed denied and at issue pursuant to the applicable

Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

51.    Denied. Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments as set forth in Paragraph 51 of Plaintiffs' Complaint and as such, they are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

52.    Admitted in part. It is admitted that a video which has been produced to Plaintiffs depicts Mr. Phillips taking Minor Plaintiff to a Wawa convenience store in Paoli. The remaining allegations contained in Paragraph 52 are deemed denied in that after reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of same and strict proof is demanded at the time of trial of this matter.

53.    Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 53 and as such, they are deemed denied and strict proof is demanded at the time of trial of this matter.

54.    Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 54 and as such, they are deemed denied and strict proof is demanded at the time of trial of this matter.

55. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 55 and as such, they are deemed denied and strict proof is demanded at the time of trial of this matter.

56. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 56 and as such, they are deemed denied and strict proof is demanded at the time of trial of this matter.

57. Admitted in part. It is admitted that on occasions, Piera Raffaele, a teacher at Conestoga High School accompanied Phillips and Minor Plaintiff to restaurants immediately after the school day. However, by way of further answer, this knowledge was not known to Answering Defendants at any time prior to Minor Plaintiff's mother advising the administration on or about April 18, 2017 and Mr. Phillips' arrest and subsequent investigation. Strict proof is therefore demanded at the time of trial of this matter.

58. Admitted in part. It is admitted that after investigation, subsequent to the report by Minor Plaintiff's mother on or about April 18, 2017 and subsequent to the arrest of Mr. Phillips that apparently Ms. Raffaele and Ms. Raffaele's husband had went to dinner with Minor Plaintiff and Phillips. It is expressly denied that at any time material to this cause of action and before Minor Plaintiff's mother advising the school of this conduct on or about April 18, 2017 and Mr. Phillips' arrest on April 21, 2017 that

11

Answering Defendants have any knowledge this conduct was occurring. Strict proof to the contrary is demanded at the time of trial of this matter.

59. Admitted in part; denied in part. It is admitted that Ms. Raffaele would have been aware that the Minor Plaintiff was a student at Conestoga High School and Phillips was an aide at Conestoga High School. It is expressly denied that at any time prior to Minor Plaintiff's mother reporting inappropriate conduct to the school administration on or about April 18, 2017 and Mr. Phillips' subsequent arrest on or about April 21, 2017 and the subsequent police investigation were Answering Defendants ever aware that such "double date" with Ms. Raffaele and her husband had ever occurred. Strict proof is demanded at the time of trial of this matter.

60. Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 60 of Plaintiffs' Complaint and as such, those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure.

61. Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 61 of Plaintiffs' Complaint and as such, those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

62. Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 62 of Plaintiffs' Complaint and as such, those averments are deemed denied

12

and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

63.  Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 63 of Plaintiffs' Complaint and as such, those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

64.  Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 64 of Plaintiffs' Complaint and as such, those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter. By way of further answer, it is expressly and specifically denied that Answering Defendants had any such knowledge of such inappropriate conduct at any time prior to April 18, 2017, the subsequent police investigation and arrest of Mr. Phillips on or about April 21, 2017 and strict proof to the contrary is demanded at the time of trial of this matter.

65.  Admitted.

66.  Admitted in part; denied in part. It is admitted that during his 10 years of employment at Conestoga High School, Phillips sometimes purchased soft pretzels, cake or candy to distribute to the faculty and/or students. The remaining allegations of Paragraph 66 are deemed denied in that after reasonable investigation Answering

13

Defendants are without sufficient information to form a belief as to the truth or falsity and strict proof is demanded at the time of trial of this matter.

67. Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 67 of Plaintiffs' Complaint strict proof to the contrary is demanded at the time of trial of this matter.

68. Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 68 of Plaintiffs' Complaint and as such, those averments are deemed denied and strict proof to the contrary is demanded at the time of trial of this matter.

69. Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 69 of Plaintiffs' Complaint and as such, those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

70. Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

14

71.   Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

72.   Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 72 of Plaintiffs' Complaint and as such, those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

73.   Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 73 of Plaintiffs' Complaint and as such, those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

74.   Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 74 of Plaintiffs' Complaint and as such, those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

15

75.     Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 75 of Plaintiffs' Complaint and as such, those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

76.     Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 76 of Plaintiffs' Complaint and as such, those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

77.     Admitted in part; denied in part. It is admitted that there are cameras directed towards one of the entry/exit points of Conestoga High School regularly used (Old State Road "bus circle" exit). The remaining allegations are deemed denied in that after reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity thereof and strict proof is demanded at the time of trial of this matter.

78.     Denied as a conclusion of law.

79.     Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of

16

the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

80.     Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

81.     Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

82.     Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

83.     Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not

17

stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

84.    Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

85.    Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

86.    Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

87.     Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

88.     Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

89.     Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

90.     Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of

19

the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

91. Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

92. Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

93. Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

94. Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not

20

stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

95.    Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

96.    Denied. By way of further answer, this Honorable Court in its Memorandum and Order docketed on June 11, 2018 dismissed these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

97.    Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 97 of Plaintiffs' Complaint and as such those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof is demanded at the time of trial of this matter.

98. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 98 of Plaintiffs' Complaint and as such those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof is demanded at the time of trial of this matter.

99. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 99 of Plaintiffs' Complaint and as such those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof is demanded at the time of trial of this matter.

100. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 100 of Plaintiffs' Complaint and as such those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof is demanded at the time of trial of this matter.

101. Denied. It is expressly and specifically denied that "multiple agents" and/or "employees" of Conestoga High School and Tredyffrin/Easttown had both actual and constructive notice of the allegedly excessive closed door meetings between Phillips and Plaintiff. It is expressly denied that any administrators of Tredyffrin/Easttown Conestoga High School or Principal Meisinger had any notice of such alleged closed door meetings. The remaining allegations of Paragraph 101 of Plaintiffs' Complaint are deemed denied and strict proof is demanded at the time of trial of this matter.

22

102. Admitted in part. It is admitted that Ms. Raffaele's classroom was in close proximity to the TV studio. The remaining allegations are deemed denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 107 of Plaintiffs' Complaint and as such those averments are deemed denied and strict proof is demanded pursuant to the applicable Federal Rules of Civil Procedure.

108. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 108 of Plaintiffs' Complaint and as such those averments are deemed denied and strict proof is demanded pursuant to the applicable Federal Rules of Civil Procedure.

109. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 109 of Plaintiffs' Complaint and as such those averments are deemed denied and strict proof is demanded pursuant to the applicable Federal Rules of Civil Procedure.

110. Denied. It is expressly denied that there existed a culture of indifference that Tredyffrin/Easttown created. Strict proof to the contrary is demanded at the time of trial of this matter. As to the remaining allegations of Paragraph 110 of Plaintiffs' Complaint, Answering Defendants are without sufficient information to form a belief as

23

the truth or falsity of the reasons why Plaintiff withdrew from activities and as such the averments are denied and strict proof is demanded at the time of trial of this matter.

111. It is admitted that Plaintiff's grades declined. Answering Defendants aver that they were unaware as to the reason for such decline and that teachers' provided assistance in helping her attempt to elevate her grades.

112. Admitted upon information and belief.

113. Admitted upon information and belief.

114. Admitted upon information and belief.

115. Admitted upon information and belief.

116. Admitted upon information and belief.

117. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 117 of Plaintiffs' Complaint and as such, those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof is demanded at the time of trial of this matter.

118. Admitted.

119. Admitted.

120. Admitted.

121. Admitted upon information and belief.

122. Admitted.

123. Denied as stated. On the contrary, Assistant Principal DiLella and Principal Meisinger discussed with Plaintiff issues which she might be experiencing. Strict proof is demanded at the time of trial of this matter.

124. Admitted.

125. Admitted.

126. Admitted.

127. Denied.

128. Denied.

129. Denied.

130 Denied. Answering Defendants aver that at no time did Assistant Principal Bankert make the statement to any person that an alleged incident "made the hair on the back of my neck standup". As such, the averments contained in Paragraph 130 of Plaintiffs' Complaint refer to an alleged incident which is denied and strict proof is demanded at the time of trial of this matter.

131. Denied as stated. On the contrary, it is averred that in or about April 2017 Assistant Principal Bankert told Dr. Dunleavy that she needed to check on Plaintiff because in speaking with her he did not feel that something was correct. He followed up in his conversations with Plaintiff by referring his perceptions to Dr. Dunleavy for her professional follow up and strict proof is demanded at the time of trial of this matter.

132. Denied. By way of further answer, this Honorable Court in its Order docketed on June 11, 2018 dismissed these allegations as not stating a claim under §1983 because such failures do not amount deliberate indifference to D.B.'s constitutional right

to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Order).

133. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 133 of Plaintiffs' Complaint and as such those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof is demanded at the time of trial of this matter.

134. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 134 of Plaintiffs' Complaint and as such those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof is demanded at the time of trial of this matter.

135. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 135 of Plaintiffs' Complaint and as such those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof is demanded at the time of trial of this matter.

136. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 136 of Plaintiffs' Complaint and as such those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof is demanded at the time of trial of this matter.

137. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments contained in Paragraph 137 of Plaintiffs' Complaint and as such those averments are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof is demanded at the time of trial of this matter.

138. Admitted upon information and belief.

139. Admitted.

140. Admitted upon information and belief.

141. Admitted upon information and belief. Although the exact date when the letter was removed from the website is continuing.

142. Admitted upon information and belief.

143. Denied. The allegations contained in Paragraph 143 of Plaintiffs' Complaint contain conclusions of law which are deemed denied pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter. By way of further answer, it is expressly denied that at any time prior to April 18, 2017 when a report was made to the Tredyffrin/Easttown and Conestoga administrators were they aware of inappropriate conduct occurring between Mr. Phillips and Minor Plaintiff and strict proof is demanded at the time of trial of this matter. By way of further answer, it is expressly denied that Phillips' conduct was open, notorious and outrageous and strict proof is demanded at the time of trial of this matter.

## Tredyffrin/Easttown's Recent History of Sex-Related Scandals

144. Admitted.

27

145.   Admitted.

146.   Admitted.

147.   Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth or falsity of the averments as set forth in Paragraph 147 of Plaintiffs' Complaint and as such they are deemed denied and strict proof to the contrary is demanded at the time of trial of this matter.

148.   Denied as stated. On the contrary, it is averred that allegations forming the basis for the March 2016 hazing incident were later disproven wherein the Plaintiff recanted his statement and the District Attorney of Chester County withdrew all but summary offense charges against three boys. Strict proof to the contrary being demanded at the time of trial of this matter.

149.   Denied. It is expressly denied that several older Conestoga High School male students allegedly sodomized the victim with a broom handle.  On the contrary, Chester County District Attorney and the police investigation confirmed that no such crime had occurred. Rather, those three students pled guilty to summary offense and all other charges were dismissed. Strict proof to the contrary being demanded at the time of trial of this matter.

150.   Denied. It is denied that the incident referred to in Paragraph 149 specifically Upper Class Conestoga High School male students allegedly sodomizing the victim with a broom handle was true. On the contrary, police investigation determined that such averments were not true and the three alleged assailants pled guilty to

28

summary offenses and strict proof to the contrary is demanded at the time of trial of this matter.

151. Admitted in part. It is admitted that the Tredyffrin/Easttown School District claimed that it had no knowledge of the football team's rituals or traditions which in any way involved hazing, certainly, were unaware of the allegations that were subsequently made. Strict proof is demanded at the time of trial of this matter. By way of further answer, Answering Defendants expressly deny that Conestoga High School and Tredyffrin/Easttown engaged in a known pattern of "ignorance, violence and a lack of supervision" and strict proof to the contrary is demanded at the time of trial of this matter.

152. It is admitted that three Tredyffrin/Easttown students were charged with distributing or offering to share sexually explicit images; including photographs. It is denied that the School District administration had any knowledge of this conduct before the boys were charged. Admitted in part that the fourth boy was charged several days later. By way of further answer, the alleged texting of sexual explicit images did not occur at Conestoga High School but rather allegedly at Valley Forge Middle School and Tredyffrin/Easttown Middle School. It is averred that Answering Defendants had no such knowledge that this texting was going on and strict proof to the contrary is demanded at the time of trial of this matter.

153. Admitted. It is admitted that the students attended Valley Forge Middle School and Tredyffrin/Easttown Middle School.

29

154. Denied. It is expressly and specifically denied that the School District engaged in or established a pattern of deliberate and reckless indifference to alleged signs of ongoing sexual harassment and alleged sexual abuse which allegedly created a culture in its schools that permitted Phillips predatory conduct. On the contrary, it is averred that Answering Defendants promulgated numerous policies specifically addressing the issues of the non-tolerance of any type of harassment which were promulgated on the District website. At no time did the District tolerate or show indifference to signs of any sexual harassment but when the District determined it had occurred immediately acted in accordance with law in notifying the appropriate police authorities and strict proof is demanded at the time of trial of this matter.

155. Denied. The allegations contained in Paragraph 155 are expressly denied. It is expressly and specifically denied that the school administration knew or had reasons to know that Phillips was acting inappropriately towards the Minor Plaintiff. Such knowledge was not communicated to the District or its administrators until on or about April 18, 2017 when Minor Plaintiff's mother reported such to the District. Immediately, Mr. Phillips was suspended and the Tredyffrin/Easttown Police were called. Subsequent to an interview by the police of Minor Plaintiff, Mr. Phillips was arrested on April 21, 2017. Therefore, the moment the District was aware of any alleged impropriety the police were summoned and Phillips was immediately suspended and removed from the school. Strict proof to the contrary is demanded at the time of trial of this matter. The remaining allegations contained in Paragraph 155 of Plaintiffs' Complaint contain conclusions of law which are denied and strict proof is demanded at the time of trial of this matter. It is

expressly denied that any culture of indifference existed by any of the Answering Defendants named herein.

156.    Denied. It is expressly and specifically denied that any member of the school's administration or Answering Defendants knew or should have known that Phillips was acting inappropriately towards Minor Plaintiff or that the school district failed to take any action against Phillips. On the contrary, Answering Defendants were not aware of the improper conduct of Phillips until Minor Plaintiff's mother reported same to administration on April 18, 2017 at which time Phillips was immediately removed from the school and subsequently arrested on April 21, 2017. The remaining allegations contained in Paragraph 156 of Plaintiffs' Complaint are expressly denied and strict proof is demanded at the time of trial of this matter.

157.    Denied. It is expressly and specifically denied that Answering Defendants failed to take legally required action once give notice of the inappropriate conduct of Phillips. It is expressly denied that as an alleged consequential failure by the School District or its employees to take meaningful, effective and/or legally required action that Phillips was able to continue his course of conduct and persist in his sexual harassment and sexual abuse of Minor Plaintiff for months. On the contrary, the Answering Defendants had no actual or constructive notice of the improper conduct that was occurring between Phillips and Minor Plaintiff and immediately upon receiving notification from Minor Plaintiff's mother of same the District acted to remove Mr. Phillips from the premises, report his conduct to the appropriate authorities; including Tredyffrin/Easttown Police Department and such action resulted in the arrest of Mr.

Phillips on or about April 21, 2017. Strict proof to the contrary is being demanded at the time of trial of this matter.

158. Admitted in part; denied in part. It is admitted that the District reported Phillips' conduct to law enforcement on April 18, 2017. It is further averred that that is the first moment when the District had notification of Mr. Phillips' illegal conduct. Strict proof to the contrary being demanded at the time of trial of this matter.

159. Denied. On the contrary, it is averred that Tredyffrin/Easttown has and continues to take reasonable steps to protect its students from misconduct. By way of further answer, it is expressly denied that the high level officials knew or should have known about the danger that Phillips posed. Strict proof is demanded at the time of trial of this matter.

160. Denied. It is expressly and specifically denied that Tredyffrin/Easttown was aware of the inappropriate conduct of Phillips. On the contrary, immediately upon becoming aware of such inappropriate conduct he was suspended and removed from the school premises, the police were notified, he was arrested and ultimately charged on April 21, 2017. Strict proof to the contrary being demanded at the time of trial of this matter.

161. Denied. Certain of the allegations contained in Paragraph 161 of Plaintiffs' Complaint contain conclusions of law which are deemed denied and strict proof is demanded at the time of trial of this matter. By way of further answer, it is expressly and specifically denied that Tredyffrin/Easttown or the Defendant, Principal Meisinger or Superintendent of the School District, Richarg Gusick, Ed.D., failed to maintain and/or

32

enforce policies to protect the rights of Minor Plaintiff and strict proof is demanded at the time of trial of this matter.

162.    Denied. The allegations contained in Paragraph 162 of Plaintiffs' Complaint contain conclusions of law which are deemed denied and strict proof is demanded at the time of trial of this matter. On the contrary, it is averred that Answering Defendants appropriately maintained and enforced policies which were implemented to protect Plaintiff's constitutional and federal statutory rights and strict proof to the contrary is demanded at the time of trial of this matter.

163.    Denied. The allegations contained in Paragraph 163 of Plaintiffs' Complaint contain conclusions of law which are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure. By way of further, it is expressly averred that Defendant, Tredyffrin/Easttown took appropriate and reasonable steps to promulgate and implement reasonable safe guards to avoid acts of unlawful sexual conduct by Phillips. By way of further answer, certain of the averments contained in Paragraph 163 had been dismissed by the Memorandum/Opinion docketed by this Honorable Court on June 11, 2018 dismissing these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

164.    Admitted in part; denied in part.    It is admitted that Defendant, Tredyffrin/Easttown is responsible and in fact properly trained and supervised its employees. The remaining allegations contain conclusions of law which are deemed

33

denied and at issue pursuant to the Federal Rules of Civil Procedure and strict proof is demanded at the time of trial of this matter.

165. Denied. The allegations contained in Paragraph 165 of Plaintiffs' Complaint contain conclusions of law which are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary being demanded at the time of trial of this matter.

166. Denied.

167. Denied. It is expressly and specifically denied that the conduct of the Defendants was wanton and/or outrageous and demonstrated a reckless indifference to the rights of others, including Minor Plaintiff. Strict proof to the contrary being demanded at the time of trial of this matter.

168. Denied. The allegations contained in Paragraph 168 of Plaintiffs' Complaint conclusions of law which are deemed denied pursuant to the Federal Rules of Civil Procedure and strict proof is demanded at the time of trial of this matter. It is further averred that the Answering Defendants, Tredyffrin/Easttown did in fact promulgate policy procedures and customs which were appropriate and designed to protect Plaintiff. Strict proof to the contrary is demanded at the time of trial of this matter of this matter.

169. Denied. On the contrary, Answering Defendant, Tredyffrin/Easttown did in fact train its employees to detect and report sexual harassment, sexual abuse or any type of sexual discrimination. Strict proof to the contrary is demanded at the time of trial of this matter.

34

170. Denied. It is expressly denied that Answering Defendant, Tredyffrin/Easttown failed to take reasonable steps to protect the Plaintiff from abuse. After reasonable investigation, the remaining allegations contained in Paragraph 170 are deemed denied in that Answering Defendant is neither able to admit nor deny those averments and strict proof thereof is demanded at the time of trial of this matter.

171. Denied. The allegations contained in Paragraph 171 of Plaintiffs' Complaint contain conclusions of law which are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure. Strict proof to the contrary is demanded at the time of trial of this matter.

172. Denied. The allegations contained in Paragraph 172 of Plaintiffs' Complaint contain conclusions of law which are deemed denied and at issue and strict proof to the contrary is demanded at the time of trial of this matter.

## COUNT I
## PLAINTIFFS V. DEFENDANTS
## CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. §1983

173. The Answers to the allegations contained in Paragraphs 1 through 172 are incorporated herein as though more fully set forth herein.

174. Denied. The allegations contained in Paragraph 174 contain conclusions of law which are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter. By way of further answer, it is expressly denied that there existed in the Tredyffrin/Easttown School District a custom, practice and/or policy of deliberate indifference to sexual harassment and sexual abuse of students and/or active

35

concealment of instances of known or suspected sexual harassment and sexual abuse of students and strict proof to the contrary is demanded at the time of trial of this matter.

175.     Denied. The allegations contained in Paragraph 175 of Plaintiffs' Complaint contain conclusions of law which are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

176.     Denied. It is expressly denied that there existed any custom, practice and/or policy of deliberate indifference at the Tredyffrin/Easttown School District initiated or maintained by administrative personnel and strict proof to the contrary is demanded at the time of trial of this matter.

177.     Denied. It is expressly denied that any such alleged custom, practice and/or policy existed.

178.     Denied. Answering Defendants expressly and specifically deny that their conduct was reckless, negligent and/or careless and that they acted in disregard for the safety of their students. Strict proof to the contrary being demanded at the time of trial of this matter.

179.     Denied. The allegations contained Paragraph 179 of Plaintiffs' Complaint; including Subparagraphs (a through s) are expressly and specifically denied. By way of further answer, the allegations as set forth in Subparagraphs (b), (c), (g), (k) and (n) have been dismissed by this Honorable Court in its Memorandum Order docketed on June 11, 2018, dismissing these allegations as not stating a claim under §1983 because such failures do not amount to deliberate indifference to D.B.'s constitutional right to bodily integrity

36

guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. (See Page 7 of this Honorable Court's Memorandum).

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied as a conclusion of law.

186. Denied. By way of further answer, it is expressly denied that Answering Defendants acted to be deliberately indifferent or to promulgate custom, practices and/or policies which in any way failed to protect Minor Plaintiff herein. Strict proof to the contrary is demanded at the time of trial of this matter.

187. Denied. By way of further answer, Answering Defendants were not aware of any inappropriate conduct between Phillips and Minor Plaintiff until Minor Plaintiff's mother reported same to the administration on April 18, 2017 at which time Phillips was immediately suspended, removed from the school premises and arrested on April 21, 2017. Strict proof to the contrary is demanded at the time of trial of this matter.

188. Denied. By way of further answer, Answering Defendants were not aware of any inappropriate conduct between Phillips and Minor Plaintiff until Minor Plaintiff's mother reported same to the administration on April 18, 2017 at which time Phillips was immediately suspended, removed from the school premises and arrested on April 21, 2017. Strict proof to the contrary is demanded at the time of trial of this matter.

37

189. Denied. The allegations contained in Paragraph 189 of Plaintiffs' Complaint contain conclusions of law which are deemed denied and at issue and strict proof is demanded at the time of trial of this matter. By way of further answer, it is expressly denied that any conduct of answering defendants constitutes outrageous negligence and shocks the conscious of this Court. Strict proof to the contrary is demanded at the time of trial of this matter.

190. Denied. The allegations contained in Paragraph 190 of Plaintiffs' Complaint contain conclusions of law which are deemed denied and at issue pursuant to the Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

191. Denied. The allegations contained in Paragraph 191 of Plaintiffs' Complaint contain conclusions of law which are deemed denied and at issue pursuant to the Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

192. Denied. It is expressly denied that any custom, practice and/or policies of Tredyffrin/Easttown contributed to the Plaintiffs' injuries. The remaining allegations contained in Paragraph 192 of Plaintiffs' Complaint contain conclusions of law which are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter. By way of further answer, it is expressly and specifically denied that any custom, practice or policy of Tredyffrin/Easttown in any way contributed to the past, present or alleged ongoing

38

injuries of the Plaintiff and strict proof to the contrary is demanded at the time of trial of this matter.

WHEREFORE, Answering Defendants demand judgment in their favor dismissing Plaintiffs' Complaint.

## COUNT II
## PLAINTIFFS V. TREDYFFRIN/EASTTOWN
## VIOLATIONS OF TITLE IX, 20 U.S.C. §1681

193. The Answers to the allegations contained in Paragraphs 1 through 192 are incorporated herein as though more fully set forth herein.

194. Denied.

195. Denied.

196. Denied. By way of further Answer, it is expressly denied that Tredyffrin/Easttown created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972 nor failed to promulgate appropriate policies and procedures used to properly investigate and address sexual assault and subsequent harassment. Strict proof to the contrary is demanded at the time of trial of this matter.

197. Denied. It is expressly and specifically denied that Tredyffrin/Easttown and its officials had actual knowledge of Phillips' sexual misconduct and the resulting harassment of Plaintiff.

198. Denied.

199. Denied.

200.    Denied. The allegations contained in Paragraph 200 of Plaintiffs' Complaint contain conclusions of law which are deemed denied pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter. By way of further answer, it is expressly and specifically denied that the Defendants acted with deliberate indifference towards the Minor Plaintiff. Strict proof to the contrary being demanded at the time of trial of this matter.

201.    Denied. The allegations contained in Paragraph 201 of Plaintiffs' Complaint are expressly denied.

202.    Denied. The allegations contained in Paragraph 202 of Plaintiffs' Complaint contain conclusions of law which are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter. By way of further answer, Answering Defendants expressly and specifically deny that the policy aforementioned in Paragraph 201 which was expressly and specifically denied in any way allowed for disparate treatment of females and had a disparate impact on female students as such policy pattern and practice did not exist.

203.    Denied. It is expressly and specifically denied that Tredyffrin/Easttown had actual notice of the relationship involving Phillips and Minor Plaintiff and had an opportunity to rectify the alleged violation, discrimination but failed to do so. On the contrary, Tredyffrin/Easttown did not have such knowledge until on or about April 18, 2017 at which time Minor Plaintiff's mother reported such relationship between Phillips and Minor Plaintiff to the appropriate authorities within the District. Immediately,

40

Phillips was suspended, removed from the school, the police were notified, all appropriate reporting agencies were notified and on April 21, 2017 Phillips was arrested. Strict proof to the contrary being demanded at the time of trial of this matter.

204. Denied. The allegations contained in Paragraph 204 of Plaintiffs' Complaint are expressly denied.

205. Denied. The allegations contained in Paragraph 205 of Plaintiffs' Complaint are deemed denied in that they contain conclusions of law which are denied pursuant to the applicable Federal Rules of Civil Procedure and strict proof is demanded at the time of trial of this matter.

206. Denied. The allegations contained in Paragraph 206 of Plaintiffs' Complaint contain conclusions of law which are deemed denied pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

207. Denied. It is expressly and specifically denied that Tredyffrin/Easttown had actual notice of the harassment and the alleged hostile environment and were "deliberately indifferent" to the alleged harassment and hostile environment. On the contrary, no such actual notice existed.

208. Denied. The allegations contained in Paragraph 208 contain conclusions of law which are deemed denied and at issue pursuant to the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter. By way of further answer, Answering Defendants are without sufficient information to form a belief as to reasonable investigation as to the injuries Plaintiff has

allegedly suffered and will allegedly suffer in the future and as such strict proof to the contrary is demanded at the time of trial of this matter.

209.    Denied. The allegations contained in Paragraph 209 of Plaintiff's Complaint contain conclusions of law which are deemed denied and at issue under the applicable Federal Rules of Civil Procedure and strict proof to the contrary is demanded at the time of trial of this matter.

WHEREFORE, Answering Defendants demand judgment in their favor dismissing Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

Answering Defendants incorporate by reference their responses contained in Paragraphs 1 through 209 of Plaintiffs' Complaint as though more fully set forth herein.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action against the Defendant under 42 U.S.C. §1983.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendants were given no actual notice or constructive notice of misconduct on behalf of Arthur Phillips. Answering Defendants were not deliberately indifferent to the misconduct of Arthur Phillips.

### THIRD AFFIRMATIVE DEFENSE

There was no policy or practice or custom of Answering Defendants which caused any constitutional injury to the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Answering Defendants' policies, practices or customs did not play an affirmative role in bringing about the alleged sexual abuse or injuries to the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Any alleged failure on the part of Answering Defendants which failure is specifically denied to act or to investigate cannot be the basis of liability under §1983.

### SIXTH AFFIRMATIVE DEFENSE

Punitive damages are not available against Answering Defendant which is a municipal entity.

### SEVENTH AFFIRMATIVE DEFENSE

Respondeat Superior liability is unavailable under 42 U.S.C. §1983.

### EIGHTH AFFIRMATIVE DEFENSE

Answering Defendants took prompt and appropriate action to address the matter complained in Plaintiffs' Complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action against Answering Defendants are barred by qualified or official immunity.

### TENTH AFFIRMATIVE DEFENSE

The §1983 claims do not arise from the custom, practice or policy or failure to train and as such, Answering Defendants are not liable pursuant to the terms and provisions of §1983.

### ELEVENTH AFFIRMATIVE DEFENE

Answering Defendants aver that governmental, custom or policy was not the proximate cause of the alleged constitutional violation and therefore Answering Defendants cannot be found liable under §1983.

### TWELFTH AFFIMATIVE DEFENSE

The alleged conduct averred in Plaintiffs' Complaint does not rise to a practice which is so wide spread that the policy making officials have either actual or constructive notice of same and as such no recovery is available to plaintiff herein.

### THIRTEENTH AFFIRMATIVE DEFENSE

The conduct of Answering Defendants does not rise to the standard of "shocking the conscious of the Court" and as such does not afford a remedy under §1983.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff do not give rise to a cause of action pursuant to Title IX, 20 U.S.C. §1681.

Respectfully Submitted,

CONNOR, WEBER & OBERLIES

BY:

JOSEPH P. CONNOR, III
171 West Lancaster Avenue
Paoli, PA 19301
(610) 640-2810 - phone
(610) 640-1520 – fax
jconnor@cwolaw.com
Attorneys for Defendants
Tredyffrin Easttown School District
and Amy A. Meisinger

44

## CERTIFICATE OF SERVICE

I, JOSEPH P. CONNOR, III, ESQUIRE, hereby certify on this 25th day of June, 2018,

a true and correct copy of the Defendants' Answer to Plaintiffs' Complaint was served upon

the following counsel of record by way of ECF:

Matthew A. Casey, Esquire
Brian J. McCormick, Jr., Esquire
Ross, Feller & Casey, LLP
1650 Market Street, Suite 340
Philadelphia, PA 19103
*Attorneys for Plaintiffs*

CONNOR, WEBER & OBERLIES

BY:_____

JOSEPH P. CONNOR, III, ESQUIRE
171 West Lancaster Avenue
Paoli, PA 19301
(610) 640-2810 - phone
(610) 640-1520 – fax
jconnor@cwolaw.com
Attorney for Defendants
Tredyffrin Easttown School District
and Amy A. Meisinger